# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : NO. 3:02-CR-0160 |
| v. | : (JUDGE CAPUTO) |
| DANA W. WILEY, | : |
| Defendant-Movant. | : |

## MEMORANDUM

Presently before the Court is Movant Dana W. Wiley's motion to vacate a sentence under 28 U.S.C. § 2255.  (Doc. 47.)  Mr. Wiley is currently incarcerated at SCI-Greene in Waynesburg, Pennsylvania, serving a sentence on charges unrelated to this action.  He has concurrently filed a motion to proceed *in forma pauperis* (IFP).  (Doc. 48.)

The decision whether to grant or deny *in forma pauperis* status rests within the sound discretion of the district court.  *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985). 28 U.S.C. § 1915 provides a two-step process for reviewing *in forma pauperis* petitions.  The Third Circuit Court of Appeals has made it clear that this Court should first consider a litigant's financial status and determine whether he is eligible to proceed *in forma pauperis*, before assessing the merits of the underlying complaint.  *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  Even if the Court concludes that the person has met the requisites to proceed *in forma pauperis*, however, the Court must dismiss the case if the action is frivolous or brought for an improper purpose.  28 U.S.C. § 1915(e)(2).

Movant has completed the IFP application, and has properly provided certification of his prisoner account balance.  According to the IFP application, he is not employed, owns no property, receives "15.00 an (sic) month for payroll", and had a prisoner account

balance of $0.08 on December 19, 2006.  Assuming this to be an accurate depiction of Mr. Wiley's complete financial situation, it is the Court's opinion that he qualifies for *in forma pauperis* status because he has made an adequate showing of poverty.

The Court will dismiss the present motion pursuant to 28 U.S.C. § 1915(e)(2), however, because it is brought for an improper purpose.  Movant was charged with various crimes and indicted before this Court on July 2, 2002.  A competency hearing was conducted on September 3, 2003.  By Order of September 9, 2003, the Court determined that Mr. Wiley suffers from a mental disease or defect that does not allow him to assist in his own legal defense, and that there was no substantial probability that Mr. Wiley would become competent to stand trial in the foreseeable future.  (Doc. 34 pp. 3, 5.)  The Movant's current motion–filed more than three years after this determination– further reinforces the Court's previous holding, as it is riddled with unfounded allegations of a widespread government conspiracy against him, in addition to other examples of disconnected thought.  As a result of the Court's prior determination of incompetency, we held that the charges related to this action be dismissed.  Therefore, the present motion to vacate is improperly filed, since no conviction on these criminal charges ever occurred.

On page 2 of his completed § 2255 form, Movant states that the present filing is a "motion for mental treatment."  To the extent that Mr. Wiley seeks psychiatric or other medical treatment, he may petition the authorities at SCI-Greene for these services.

An appropriate order will follow.


Date: January   10  , 2007                        /s/ A. Richard Caputo
                                                  A. Richard Caputo
                                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | NO. 3:02-CR-0160 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| DANA W. WILEY, | : | |
| | : | |
| Defendant-Movant. | : | |

**ORDER**

**NOW**, this  10th  day of January, 2007, **IT IS HEREBY ORDERED** that:

(1) Movant's application to proceed *in forma pauperis* (Doc. 48) is **GRANTED**.

(2) Movant's motion to vacate/motion for mental treatment (Doc. 47) is **DISMISSED**.

(3) The Clerk of the Court shall mark this case **CLOSED**.


 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge